CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS 2012 MAY -4 AM 9: 31
### ABILENE DIVISION

DEPUTY CLERK

| | | |
|---|---|---|
| DANIEL ORIAKHI,<br>Institutional ID No. 36758-053,<br><br><br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br>et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br>CIVIL ACTION NO.<br>1:11-CV-175-BL<br>ECF |

## REPORT AND RECOMMENDATION

Daniel Oriakhi, federal inmate # 36758-053, proceeding *pro se* and *in forma pauperis*, filed his complaint for damages on September 6, 2011 (Doc. 1). This court treats the complaint as filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Stephenson v. Reno*, 28 F.3d 26, 26 n.1 (5th Cir. 1994). By order dated October 12, 2011 (Doc. 7), this case was transferred to the docket of the United States Magistrate Judge for screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

The court entered an order to complete questionnaire on February 21, 2012 (Doc. 9). On March 7, 2012, Plaintiff filed his response to the questionnaire(Doc. 11) and refused his consent to proceed before the United States Magistrate Judge under 28 U.S.C. § 636(c) (Doc. 12).

Plaintiff, who is no longer confined to BSCC Big Spring, alleges that Defendants were deliberately indifferent to his serious medical needs and safety, and conspired to violate his Eighth Amendment rights.

The court thus makes findings of fact, conclusions of law, and a recommended disposition to the United States District Judge as herein provided.

## I. FACTUAL BACKGROUND

In his complaint, as further supplemented by his response to the questionnaire, Plaintiff claims that:

1.      BSCC Big Spring is a federal prison which is operated by GEO Group, Inc. ("GEO"), a private corporation. Plaintiff was confined to BSCC Big Spring at all times relevant to the claims in his complaint.

2.      Defendants: David Justice, James Grant, Trevino Tapia, Emma Bermea, Richard Hirzel, Jamie Trevino, John Farqual, and Ms. FNU Roudes are all employees of the GEO Group Inc., the private operator of the BSCC/Flightline facility.

3.      Defendants, Tom Short and Ms. FNU Serrano are both employed by the Federal Bureau of Prisons ("FBOP").

4.      Defendants, FNU Gayo and Unknown 200 Members of Mexican Prisoners, were all fellow prisoners with Plaintiff at the BSCC Big Spring facility.

5.      On or about November 18, 2010, Plaintiff was assaulted by his cell mate, FNU Gayo, and Unknown 200 Members of Mexican Prisoners.

6.      The assault caused significant physical injury, which prevented Plaintiff from lying on one half of his body when resting in his bed.

7.      Prior to the attack, FNU Gayo had threatened Plaintiff with bodily injury because he was not Mexican, defecated too much, and passed gas too frequently throughout the night. Plaintiff acknowledges that he did have certain bowel complications due to a surgery that he had recently

undergone.

8.   Plaintiff spoke with officials about securing a new roommate, and FNU Gayo was replaced with another inmate. However, shortly thereafter, FNU Gayo was moved back into the cell with Plaintiff. A few days later, Plaintiff was attacked on the basketball court by FNU Gayo and Unknown 200 Members of Mexican Prisoners.

9.   Plaintiff also claims that his surgery necessitated a bottom bunk assignment, but prison officials would not give him one. He alleges that he was denied a bottom bunk assignment in furtherance of a conspiracy to keep him bunked with FNU Gayo.

10.   Plaintiff seeks total damages in the amount of $45,750,000.00.

## II. JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the court must evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire); *Spears*, 766 F.2d 179 (use of an evidentiary hearing).

### III. ANALYSIS

**A.   GEO Group, Inc. Defendants**

Under *Bivens*, an implied cause of action for damages exists against federal agents for deprivation of certain constitutional rights. *Garcia v. United States*, 666 F.2d 960, 961 (5th Cir. 1982). Plaintiff raised Eighth Amendment claims and conspiracy claims under *Bivens* against GEO, a private corporation that owns and operates BSCC Big Spring, and its employees, David Justice, James Grant, Trevino Tapia, Emma Bermea, Richard Hirzel, Jamie Trevino, John Farqual, and Ms. FNU Roudes. *Bivens* actions, however, may not be brought against private corporations. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001) (holding no action lies under *Bivens* against a private corporation operating a halfway house under a contract with the Bureau of Prisons). Thus, Plaintiff's *Bivens* claims against GEO, which is such a corporation, should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Additionally, the Supreme Court recently refused to imply the existence of a *Bivens* action where "a federal prisoner seeks damages from privately employed personnel working at a private operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . . ." *Minneci v. Pollard*, --- U.S. ----, 132 S.Ct. 617, 626 (2012). Plaintiff's claim that the individual GEO Defendants were deliberately indifferent to his serious medical needs and safety falls within the scope of traditional state tort law, thus, Plaintiff's Eighth Amendment claims against David Justice, James Grant, Trevino Tapia, Emma Bermea, Richard Hirzel, Jamie Trevino, John Farqual, and Ms. FNU Roudes should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

It seems axiomatic that a conspiracy claim should fail where the underlying constitutional claim is not cognizable under the reasoning of *Minneci*; however, neither the United States Supreme Court nor the Fifth Circuit has so held. Consequently, this court will substantively address Plaintiff's conspiracy claim, as it relates to certain of the individual GEO employees.

### 1.    Conspiracy Claim

Plaintiff claims that all the named prison officials were involved in a conspiracy to place him in serious harms way.

To prove a conspiracy claim Plaintiff is required to show that the Defendants had "an agreement to commit an illegal act which resulted in the plaintiff's injury." *Hay v. City of Irving, Tex.*, 893 F.2d 796, 799 (5th Cir. 1990) (citing *Thomas v. City of New Orleans,* 687 F.2d 80, 83 (5th Cir. 1982)). The Fifth Circuit has held that specific facts must be pled when a conspiracy is alleged. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). "To establish a cause of action based on conspiracy a plaintiff must show that the Defendants agreed to commit a criminal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). Conclusory allegations of conspiracy will not support a conspiracy claim. *Wilson v. Budney*, 976 F.2d 958 (5th Cir. 1992). In pleading these specific facts, the Plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). In addition, to recover on a claim of conspiracy, there must be an actual deprivation of a constitutional right; a mere conspiracy to deprive is insufficient. *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984).

Plaintiff does not allege any specific facts that demonstrate the existence of a particular agreement between the Defendants. He relies entirely upon conclusory allegations to support his claim of conspiracy. These allegations, accepted as true, fail to demonstrate that the named

Defendants acted together to deprive him of a constitutional right, that he was deprived of any right, or that the Defendants agreed to commit a criminal act. Accordingly, Plaintiff's conspiracy claim lacks an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

**B.      Federal Bureau of Prisons Defendants**

Plaintiff also raised Eighth Amendment claims and conspiracy claims under *Bivens* against FBOP, and its employees, Tom Short and Ms. FNU Serrano. Plaintiff may bring a *Bivens* action against individual officers for a alleged constitutional violation, but he may not bring an action against the United States, the FBOP, or FBOP officers in their official capacities as such claims are barred by the doctrine of sovereign immunity. *See Correctional Services Corp.*, 534 U.S. at 71-72; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) (claims against employees in official capacities are considered a suit against the government entity). Accordingly, all of Plaintiff's claims against Tom Short and Ms. FNU Serrano, in their official capacities, and FBOP should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Plaintiff's claims against Tom Short and Ms. FNU Serrano, in their individual capacities, are not barred by the doctrine of sovereign immunity.

Plaintiff claims that Tom Short and Ms. FNU Serrano both had the authority to have him housed in a medical facility following his surgery, but they did not. Plaintiff does not argue that Defendants Short and Serrano acted with deliberate indifference to his serious medical needs. Rather, his theory is that both are responsible for him being attacked because if he was not housed at BSCC Big Spring, the attack would not have taken place. Reading Plaintiff's complaint liberally, as this court must, Plaintiff's sole claim against Defendants Short and Serrano is that they were

deliberately indifferent to his safety from other inmates.

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Prison officials violate the Eighth Amendment when: 1) the inmate shows that he is incarcerated under conditions posing a substantial risk of serious harm, and 2) prison officials act with deliberate indifference. *Id.* at 834; *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to an inmate's health or safety. *Farmer*, 511 U.S. at 837. The prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and they must also draw that inference. *Id.*

Here, Plaintiff's claim must fail because he has not alleged any facts demonstrating that Defendants Short and Serrano acted with deliberate indifference. He has not alleged that prior to assigning him to BSCC Big Spring, Defendants Short and Serrano were aware that his future cell mate would want to harm him. Absent such a showing, this court is unable to find that Defendants Short and Serrano were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed. On this basis, Plaintiff's Eight Amendment claim against Defendants Short and Serrano should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### C.     Prisoner Defendants

The remaining Defendants, FNU Gayo and Unknown 200 Members of Mexican Prisoners, are not subject to suit under *Bivens* or section 1983 because they were not acting under color of state or federal law. *See McKinney v. Irving Ind. Sch. Dist.*, 309 F.3d 308, 312 (5th Cir.2002) (section 1983 claim requires state actor); *Bivens*, 403 U.S. 388, 395-397 (claim requires federal actor). Accordingly, Plaintiff's claims against FNU Gayo and Unknown 200 Members of Mexican Prisoners

should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### IV. CONCLUSION, RECOMMENDATION, AND TRANSFER

The court has considered Plaintiff's allegations in his complaint, his questionnaire responses, and the applicable law and recommends that the United States District Judge:

1.   **DISMISS** Plaintiff's claims against all Defendants for **WITH PREJUDICE AS FRIVOLOUS**;

2.   **DENY** any pending non-dispositive motions not otherwise addressed above.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

**IT IS ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated, and the case is hereby transferred to the docket of United States District Judge Sam R. Cummings.

DATED this 3rd day of May, 2012.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**