IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| DANIEL ORIAKHI, Institutional ID No. 36758-053, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| V. | ) ) | CIVIL ACTION NO. 1:11-CV-175-C |
| THE GEO GROUP, INC., et al., | ) ) ) ) | ECF |
| Defendant(s). | ) | |

## ORDER

The United States Magistrate Judge entered a Report and Recommendation on May 4, 2012, and Plaintiff filed his objections on May 21, 2012, and amended objections on June 4, 2012.

The undersigned United States District Judge has made an independent examination of the record in this case and has examined the findings, conclusions, and recommendations of the Magistrate Judge as well as the specific objections of the Plaintiff. The Court finds that Plaintiff's objections should be overruled in all things, and the Court accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge, with one exception: the Magistrate Judge failed to address Plaintiff's claims under the Federal Tort Claims Act (FTCA), which this Court addresses below.

"Congress enacted the [Federal Tort Claims Act] as a limited waiver of sovereign immunity of the United States." *Johnston v. United States*, 85 F.3d 217, 218 (5th Cir. 1996). *See Pena v. United States*, 157 F.3d 984, 986 (5th Cir. 1998) (holding that a waiver of sovereign

immunity "must be unequivocally expressed in statutory text and will not be implied"). Subject to some specific exceptions, the FTCA

> gives federal district courts jurisdiction over claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Sheridan v. United States*, 487 U.S. 392, 398 (1988) (quoting 28 U.S.C. § 1346(b)). *See Halverson v. United States*, 972 F.2d 654, 655 (5th Cir. 1992) ("The FTCA is a waiver of sovereign immunity, providing a general authority for tort suits against the government. . . ."). Although a plaintiff seeking relief under *Bivens* must file his claims against the individual officials alleged to have violated his constitutional rights, a plaintiff seeking relief under the FTCA files his claim directly against the United States. *Carlson v. Green*, 446 U.S. 14, 20 (1980).

Plaintiff cannot raise claims under the FTCA against the BOP or the individual Defendants, and he has not sued the United States. Therefore, Plaintiff's FTCA claims should be dismissed for failure to state a claim.

It is, therefore, ORDERED that

(1) Plaintiff's federal claims are **DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim.**

(2) To the extent Plaintiff has stated any state law claims, this Court declines to exercise supplemental jurisdiction because the federal claims are dismissed. *St. Germain v.*

2

*Howard*, 556 F.3d 261, 263-264 (5th Cir. 2009) (citing 28 U.S.C. § 1367(c)). Consequently, such state law claims are **DISMISSED WITHOUT PREJUDICE**.

(3) Judgment shall be entered accordingly.

(4) This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

(5) Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

(6) A copy of this order shall be sent to all parties appearing *pro se* by first class mail and to any attorney of record by first class mail or electronic notification.

(7) Any pending motions are **DENIED**.

Dated September 18, 2013.

SAM R. CUMMINGS
United States District Judge